# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESMERARDO IBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1646

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Esmerardo Ibarra appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. As he did below, Ibarra argues that the district court erred when imposing a three-level enhancement under U.S.S.G. § 3B1.1(b) for acting as a manager or supervisor over the offense. Ibarra asserts that he worked under the direction of his brother, Jose Ibarra, and was given specific

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40253

tasks to do. We review the determination that a defendant is a manager or supervisor under § 3B1.1(b) for clear error. *United States v. Rodriguez-Lopez*, 756 F.3d 422, 435 (5th Cir. 2014).

A defendant's base offense level may be increased by three levels if the defendant was a manager or supervisor, rather than a leader or organizer, "and the criminal activity involved five or more participants or was otherwise extensive." § 3B1.1(b). When determining whether this enhancement applies, we consider "the defendant's participation in planning, recruitment of accomplices, and exercise of control and authority over others." *Rodriguez-Lopez*, 756 F.3d at 435 (internal quotation marks and citation omitted); *see also United States v. Reagan*, 725 F.3d 471, 494 (5th Cir. 2013) (finding no clear error in assessing the enhancement where the defendant "had planned and coordinated the structure of the conspiracy's takings[,] . . . had recruited [a participant] into the conspiracy, and had exercised control and authority over others on a number of occasions").

Ibarra has not demonstrated that the district court clearly erred when imposing the three-level enhancement. There was evidence that Ibarra was involved in planning the offense, helped recruit accomplices, and exercised some control and authority over other participants. *See Rodriguez-Lopez*, 756 F.3d at 435; *Reagan*, 725 F.3d at 494. Ibarra was present and actively involved when the operation was being planned or negotiated, routinely maintained contact with other participants, supplied money, and was involved in the transport of several individuals to the warehouse where they were to load marijuana onto a truck.

AFFIRMED.